IN THE UNITED STATES BANKRUPTCY COURT
                                  FOR THE DISTRICT OF KANSAS

IN RE:                          )
                                )       CASE NO.
JAY ROGER STADE                 )
JILL MARIE STADE                )
                                )

                                      **CHAPTER 13 PLAN**

Debtor or Debtors (hereafter Debtor) proposes:

1.    **PLAN PAYMENT:**  $ 1,000.00   each    month    by:

           X     Employer pay order directed to  Wal-Mart
                           Address:  702 SW 8th Street, Bentonville, AR 72716
                  Debtor pay order directed to Debtor

2.    **GENERAL PROVISIONS:** Payment shall be   $ 1,000.00    for   60   months.  Based upon Debtor's Office Bankruptcy Form B22C, the Applicable Commitment Period for this plan   60   months and   $927.41    X  60  =   $55,644.60    the amount required to be paid to unsecured creditors.  In any event, Debtor reserves the right to extend the plan payments to 60 months.  The amount proposed to be paid for unsecured debt is at least the amount required to be paid for the Applicable Commitment Period.  **IT IS _____ IS NOT    X      ANTICIPATED THAT THERE WILL BE ANY FUNDS PAID TO GENERAL UNSECURED CREDITORS.**

3.    The Chapter 13 Trustee shall be paid up to 10% on all funds disbursed by her.   Proposed attorney fees are $ 3,000.00   .  The Debtor has paid $ 525.00   to the attorney.  $ 2,475.00    will be paid to the attorney over approximately  12   months to the extent possible.  Counsel for Debtor reserves the right to submit additional fee applications either on a time and charges basis or for specific tasks.  The Debtor consents to such increases in plan payments as may be necessary to pay such additional fees.  **In addition debtors attorney shall receive $250 for the post completion of plan Certification by Debtors of Compliance and Motion for Entry of Discharge.**

4.    **FILING FEE:**  The filing fee of   $274    has been paid.

5.    **TAX RETURNS:** Federal and state tax returns for the preceding four years   X   have _____ have not been filed.  Debtor has not filed returns for the following years    N/A    .  Debtor will timely file all tax returns during the pendency of this case.

6.    **DOMESTIC SUPPORT OBLIGATIONS:**  The Debtor shall maintain current payments on all domestic support obligations during the time Debtor is in bankruptcy.  Any arrearage that existed as of the date of the filing of the case will be paid through the plan.  Below is a summary of all domestic support obligations owed.

The names of DSO claimants, together with the approximate amount owed pre and post petition are as follows:  (Debtor has provided to the Chapter 13 Trustee the correct address and phone number for each DSO.)

        Carrie Miller                    Current on obligations
        3904 Hampton Circle
        Hutchinson, KS 67502

Wendy Stade                        Current on obligations
        306 Grove
        Pratt, KS 67124


7.      **PRIORITY TAX CLAIMS:**  Debtor shall pay all allowed priority claims under 11 USC 507, without post petition interest.   Debtor estimates that the IRS is owed $__-0-___ and the state of Kansas is owed $__-0-___.   Payments through the Trustee of the principal and interest of the tax obligations due as of the date of the filing of the bankruptcy petition (as determined by the creditor's proof of claim or order of the Court) shall result in a full and total discharge of all obligations of the Debtor for those taxes.   The specific dollar amount to be paid shall be in accordance with the creditor's proof of claim, unless the debtor files an objection to the claim.  (Certain tax claims may be secured and will be treated accordingly, if they exist.)

8.      **PROPERTY TO BE SURRENDERED:**   The following property will be surrendered as indicated:

**PROPERTY TO BE SURRENDERED**              **CREDITOR WITH SECURED CLAIM IN COLLATERAL**

2006 Bayshee 4-wheeler;                            HSBC Retailer Service
2007 770 R Raptor; 2007 50 cc Raptor

Any repossession/foreclosure prior to confirmation of this plan must be obtained by filing a motion and obtaining an order from the Court, unless the automatic stay no longer applies under 11 USC 362(c). Upon plan confirmation, the automatic stay will be deemed lifted for the collateral identified above for surrender and the creditor need not file a Motion to Lift Stay in order to repossess, foreclose upon or sell the collateral.   This provision is not intended to lift any applicable co-Debtor stay, or to abrogate Debtor's state law contract rights.

9.       **REAL ESTATE MORTGAGES:  U.S. Bankr. Ct. D. Kan. S.O. 08-1 is
         incorporated herein as though set forth in full.  To the extent any
         provision of this Plan conflicts with S.O. 08-1, it shall be reformed
         to the extent that it will comply with S.O. 08-1.**

_____  **Debtor has no mortgage.**

__X_  **Debtor is current on all pre-petition mortgage payments and will pay all post-petition mortgage payments directly to mortgage creditors.**

   **The debtors do not propose to pay GMAC Mortgage as a secured claim either inside or
   outside these proceedings as there is no equity in the real estate to support the second
   mortgage.   GMAC Mortgage shall be allowed an unsecured claim and dealt with as
   hereinafter provided.  At the conclusion of the debtors' Chapter 13 plan, and the debtors
   receiving a discharge, GMAC Mortgage shall be obligated to release said mortgage.**


_____  **Debtor is not current on all pre-petition mortgage payments and will pay all post-petition mortgage payments through the plan.  The number of post-petition payments will be equivalent to the number of months from the first post-petition payment due under the plan to the month after the last monthly payment under the plan is made.  The first post-petition mortgage payment through the plan will begin with the _____ (month), and _____ (year) payment, which is the third mortgage payment due after the filing of the petition.  Disbursement of ongoing post-petition mortgage payments from the Chapter 13 Trustee will not begin until a proof of claim from the mortgage holder is filed. At the completion of the term of the plan, Debtor shall resume monthly mortgage payments directly pursuant to the term of the mortgage contract.**

**The two monthly post-petition mortgage payments, that come due prior to the commencement of the regular ongoing mortgage payment plus two late fees, plus contract interest shall be paid as an administrative expense (hereinafter, Administrative Expense).**

**Pre-petition mortgage arrearages will be paid pro-rata with other similarly classed creditors over the life of the plan.**

| Real Estate Creditor | Amount Owed | Estimated pre-petition and post-petition arrearage amount | Ongoing Monthly Payment |
|---|---|---|---|
| | | | |
| **Washington Mutual** | **$114,235.00** | **-0-** | **$1,188.00** |
| | | | |

**The amount of the arrearage as specified in the creditor's proof of claim shall govern unless an objection to the claim is filed. Unless otherwise ordered by the Court, interest will be paid as follows:**

_____  **Interest will not paid on the pre-petition arrearage**

_____  **Contract rate interest will be paid on the pre-petition arrearage**

_____  **Trustee's discount rate interest will be paid on the pre-petition arrearage**

**If the Debtor pays the pre-petition arrearage amount as determined in the foregoing paragraphs, together with interest, if any, as specified in the plan, all pre-petition defaults shall be cured and the note and other loan documents will be deemed current as of the date of filing, extinguishing any right of the mortgagee to recover any amount alleged to have arisen prior to the filing of the petition or to declare a default of the note, mortgage, or other loan documents based upon pre-petition events.**

**If the debtor pays the Administrative Expense and all post-petition mortgage payment through the plan, any post-petition default on the debtor's residential home mortgage debt are deemed cured and all payments made on such debt through the date of plan completion are current, with no arrearage, no escrow balance, late charges, cost or attorney fees owing.**

10.     **SECURED CREDITORS, "910 CAR LOAN" CREDITORS AND "ONE YEAR LOAN" CREDITORS, OTHER THAN DEBTS SECURED BY REAL ESTATE.**  All secured creditors, including 910 car loan (as defined by 11 USC 1325(a)(9)} and "One year loan" {as defined by 11 USC 1325(a)(9)} creditors shall retain their liens pursuant to 11 USC 1325(a)(5). Secured creditors (not 910 car loan or 1 year loan creditors) listed below shall be paid the value of their collateral or the amount of the claim, whichever is less, unless otherwise specified, plus the current discount rate. Creditors with 910 car loans will be paid the amount of their claim plus the current discount rate. Secured creditors, 910 car loan creditors and One Year Loan creditors will be required to release their liens on the collateral at discharge or when the claim plus interest is paid in full, whichever comes first.  In the event pre-confirmation adequate protection is paid, any adequate protection paid pre-confirmation will be credited against the allowed secured claim as if the plan were confirmed. **A CREDITOR MUST FILE A CLAIM TO OBTAIN ADEQUATE PROTECTION AND TO RECEIVE PAYMENTS UNDER THE PLAN. THE PLAN, HOWEVER, WILL DETERMINE THE VALUE OF THE COLLATERAL UNLESS THE OBLIGATION IS A 910 CAR LOAN OR A ONE YEAR LOAN CLAIM.** All adequate protection payments will be made through the Chapter 13 Trustee pursuant to D. Kan. LBR 3015(b).1(g). Secured creditors will be paid equal monthly payments from the funds available to pay those claims after the deduction of Trustee fees.

If the equal monthly payment to a secured creditor is not feasible by $25.00 or less, the Trustee is authorized to adjust the payment up or down to make the payment feasible, as long as there are sufficient funds available from the plan payments to adjust the specific monthly payment(s) as necessary.

11. **SECURED CLAIMS:**

| CREDITOR | COLLATERAL | DEBT | VALUE | ADEQUATE PROTECTION/EQUAL MONTHLY PAYMENT (amount of the payment if the plan were confirmed) |
|---|---|---|---|---|
| SNB Bank Of Hutchinson, KS | Hot tub | $4,000.00 | $5,000.00 | pro-rata |

**For vehicles, please specify the make, model, year, mileage and condition and the method used by determining value.**

    **11(a).** **910 Car Loan Creditors**  The following creditors are "910" creditors, as defined in 11 USC 1325(a)(9) who claim a purchase money security interest in a motor vehicle acquired for the personal use of the debtor.  The Debtor may not cram down the value without the creditor's agreement if the collateral is a motor vehicle acquired for the personal use of the Debtor.  The monthly payment specified is an estimate.  The actual amount may vary, depending upon the allowed claim.

| CREDITOR | COLLATERAL | DEBT | VALUE | ADEQUATE PROTECTION/EQUAL MONTHLY PAYMENT (amount of the payment if the plan were confirmed) |
|---|---|---|---|---|

    None

    **11(b).** **One Year Loan Creditors**  The following creditors are One Year Loan creditors, as defined in 11 USC 1325(a)(9).  Debtor proposes to pay these creditors the balance of the debt as indicated below.  The following creditors have a purchase money security interest in personal property other than a motor vehicle acquired for the personal use of the Debtor.  These claims are for debts incurred within the one-year preceding the filing of the bankruptcy petition.  The monthly payment specified is an estimate.  The actual amount may vary, depending upon the allowed claim.

| CREDITOR | COLLATERAL | DEBT | VALUE | ADEQUATE PROTECTION/EQUAL MONTHLY PAYMENT (amount of the payment if the plan were confirmed) |
|---|---|---|---|---|

    None

12. **LIEN AVOIDANCES:** Debtor will seek to avoid the following liens under 11 USC 522(f) by the filing of an appropriate motion.

13. **SPECIAL CLASS CREDITORS:** Special Class Creditors, if any, are to be paid as specified and will be paid pro rata with secured creditors and arrearages on home mortgages, or after other creditors, unless otherwise specified.

    Debtors will pay $402.89 each month outside these proceedings to Terrance Keenan for payment on 2009 Saturn automobile.

14. **STUDENT LOAN OBLIGATIONS:** Student loan creditors (on student loans that are not current) being paid by the Trustee, shall be paid, pro rata, with other unsecured creditors unless otherwise indicated.  Debtor is aware that interest will continue to accrue, post-petition.  Further, Debtor is aware that any amount not paid on the student loan debt during this bankruptcy will survive the bankruptcy and will still be owed by the Debtor, unless Debtor files an adversary proceeding to determine the dischargeability of that debt and prevails on the merits.

15. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES:** Post-petition payments on executory contracts and unexpired leases that are assumed shall be paid directly to the creditor, unless otherwise specified. Any pre-petition arrearages shall be cured by payments to be made directly to the creditor by the Debtor, unless otherwise specified.

16. **PLAN AMENDMENTS:** Debtor hereby reserves the right to modify this plan pursuant to 11 USC 1329 and to include post-petition debt pursuant to 11 USC 1322(b)(6).

17. **GENERAL UNSECURED CREDITORS:** General unsecured claims will be paid after all other unsecured claims, including administrative and priority, from the funds to be paid to unsecured creditors either as determined by Official Bankruptcy Form B22C or through satisfaction of the "best interests of creditors test" pursuant to 11 USC 1325(a)(4), or both, if applicable.

18. **"BEST INTERESTS OF CREDITORS TEST."** Pursuant to 11 USC 1325 (a)(4), Debtor proposes to pay     N/A     to the Trustee. This amount represents the liquidation value of the following property. (List property, explain how the computation of the liquidation value was made or attach a separate document explaining this.) This amount is included in the payments Debtor proposes above.

19. **PROPERTY OF THE ESTATE:** In addition to the property specified in 11 USC 541, property of this bankruptcy estate includes all property acquired after the filing of the bankruptcy petition, including earnings. Except as otherwise provided, the Debtor shall remain in possession of all property of the estate.

20. **EFFECT OF CONFIRMATION: ANY CREDITOR FAILING TO OBJECT TO CONFIRMATION OF THE PLAN IS DEEMED TO HAVE ACCEPTED THE PLAN. AN AGREED ORDER MAY BE ENTERED RESOLVING OBJECTIONS TO CONFIRMATION. ONCE CONFIRMED BY THE COURT, THIS PLAN BINDS THE DEBTOR AND EACH CREDITOR, WHETHER OR NOT THE CLAIM OF SUCH CREDITOR IS PROVIDED FOR BY THE PLAN, AND WHETHER OR NOT SUCH CREDITOR HAS ACCEPTED, REJECTED OR OJBECTED TO THE PLAN.**

All property of the estate will vest in the debtor at discharge.

Confirmation of the plan shall be deemed a finding by the Bankruptcy Court that the Debtor has complied with all of the applicable sections of 11 USC 1322 and 1325 and that Debtors have fulfilled all of their pre confirmation obligations under 11 USC 521.

Dated: _____         Debtor:  s/ Jay Roger Stade

                              Co-Debtor:  s/ Jill Marie Stade

  s/ David Lund
Attorney for Debtor(s)